UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| KIMBERLY COOPER, | Plaintiff, |
| v. | Civil Action No. 3:19-cv-735-DJH-LLK |
| GUCCI AMERICA, INC., | Defendant. |

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Kimberly Cooper alleges that her employer, Defendant Gucci America, Inc., discriminated against her on the basis of race and retaliated against her for filing complaints of discrimination, in violation of the Kentucky Civil Rights Act. (Docket No. 1-1, PageID # 12-13) Gucci now moves for judgment on the pleadings, arguing that Cooper is judicially estopped from pursuing these claims. (D.N. 9, PageID # 56) For the reasons explained below, the Court will grant Gucci's motion.

### I.

**A.      Allegations and Procedural History**

The following facts are set forth in the complaint and taken as true for purposes of the present motion. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). In October 2014, Cooper began working as a sales associate at the Gucci Outlet Store in Simpsonville, Kentucky. (D.N. 1-1, PageID # 11) Cooper was one of the top sales associates in the store, and the top client-retention associate in the world. (*Id.*) In early 2016, Cooper applied for a sales-supervisor position but was not selected. (*Id.*) In July 2016, Cooper filed a written complaint with Gucci human resources in New York. (*Id.*)

1

In April 2018, Cooper again applied for a promotion to sales supervisor. (*Id.*, PageID # 12) However, Gucci "elected to bring in another individual for the position who had no prior experience" with the company. (*Id.*) On June 11, 2018, Cooper filed another complaint with Gucci human resources, raising concerns about alleged disparate treatment she had suffered as an African American woman. (*Id.*) Cooper did not receive a response to either her June 2016 or her June 2018 complaint. (*Id.*)

In April 2019, Cooper reapplied for the promotion and was not selected. (*Id.*) Cooper was "passed over for a young Asian female who . . . had no prior experience" with the company. (*Id.*) From 2014 to 2018, Cooper was one of two African American employees in the store. (*Id.*) Gucci had hired an African American male in 2018, but that employee left the store in June 2019. (*Id.*) Cooper states that upon "information and belief, this male employee experienced racial discrimination which caused him to resign." (*Id.*)

On September 13, 2019, Cooper filed this suit against Gucci in Jefferson Circuit Court, alleging racial discrimination and retaliation in violation of the KCRA. (*Id.*, PageID # 12-13) Gucci removed the matter to federal court (D.N. 1) and filed a motion for judgment on the pleadings under Federal Rule of Procedure 12(c) on November 12, 2019 (D.N. 9). Cooper filed a belated response to the motion on June 25, 2020. (D.N. 13)

**B.     Cooper's Bankruptcy**

Although Cooper's complaint contains no reference to her bankruptcy (*see* D.N. 1-1), Gucci attached her bankruptcy filings to its motion for judgment on the pleadings (*see* D.N. 9-1; D.N. 9-2; D.N. 9-3; D.N. 9-4; D.N. 9-5; D.N. 9-6). "While the allegations in the complaint are the primary focus in assessing a Rule 12(c) motion, 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[] also may be taken into account."

*Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Cooper's bankruptcy proceedings are all matters of public record and may therefore be considered by the Court. *Id.*

On October 25, 2016, Cooper filed for Chapter 13 bankruptcy in the U.S. Bankruptcy Court for the Western District of Kentucky. (D.N. 9-1) On December 1, 2016, the Bankruptcy Court confirmed Cooper's Chapter 13 plan, ordering Cooper to pay her creditors every two weeks for a period of 60 months. (D.N. 9-2) On March 10, 2017, Cooper filed a motion to modify her Chapter 13 plan, asking the Bankruptcy Court to decrease temporarily the amount of her monthly creditor payments. (D.N. 9-3) The Bankruptcy Court granted this motion on April 3, 2017. (D.N. 9-4). On October 23, 2019, Cooper moved to convert her Chapter 13 bankruptcy to a Chapter 7 bankruptcy. (D.N. 9-5) The Court sent a notice to all creditors and parties in interest of the conversion. *In re Kimberly Cooper*, D.N. 30, D.N. 31, No. 16-33244-thf (W.D. Ky. Oct. 24, 2019). Cooper's Chapter 7 bankruptcy was subsequently discharged on February 4, 2020, pursuant to 11 U.S.C. § 727.[1] (D.N. 14-1)

## II.

A motion for judgment on the pleadings pursuant to Rule 12(c) is subject to the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *CoMa Ins. Agency, Inc. v. Safeco Ins. Co.*, 526 F. App'x 465, 467 (6th Cir. 2013) (citing *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 846 (6th Cir. 2012)). Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). To meet this standard, a plaintiff must "plead[]

---

[1] The Court notes that Cooper's response to Gucci's motion was not filed until almost five months after her Chapter 7 bankruptcy was discharged. (*See* D.N. 13; D.N. 14-1)

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A court can only grant a Rule 12(c) motion based on the factual matter asserted in the complaint, and therefore "when material issues of fact are raised by the answer and the defendant seeks judgment on the pleadings on the basis of this matter, his motion cannot be granted." § 1368 Judgment on the Pleadings—Practice Under Rule 12(c), 5C Fed. Prac. & Proc. Civ. § 1368 (3d ed.).  When considering a motion for judgment on the pleadings, the Court is required to "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005).

      Gucci argues that Cooper is judicially estopped from bringing the claims in this action because she failed to disclose them when she filed for Chapter 13 bankruptcy in October 2016.[2] (D.N. 9, PageID # 56)  Gucci asserts that Cooper again failed to disclose her claims in this case to the Bankruptcy Court when she petitioned to convert her Chapter 13 bankruptcy to a Chapter 7 bankruptcy.  (*Id.*)  Cooper, however, maintains that the lawsuit is not considered an asset of the bankruptcy estate because when she made her initial complaints to Gucci in 2016, she "did not and could not have anticipated that she would be forced to file a discrimination claim against [Gucci] three years later." (D.N. 13, PageID # 228)  Cooper states that accordingly—and upon the advice of counsel—she was also not required to disclose the lawsuit when converting to a Chapter 7

---

[2] Gucci also maintains that Cooper's significant delay in filing her response provides sufficient grounds, standing alone, for the Court to grant its motion and dismiss Cooper's complaint. (D.N. 14, PageID # 237, n.1)  Cooper's response was not timely filed—indeed, it was filed more than seven months after Gucci filed its motion.  Because the Court will find that the doctrine of judicial estoppel applies and grant Gucci's motion for the reasons explained below, it need not address this argument further.  The Court notes, however, that Federal Rule of Civil Procedure 41(b) permits dismissal when a plaintiff "fails to prosecute or comply with these rules or a court order."

bankruptcy because "the property of the state in the converted case shall consist of the property in the state as of the date of the original filing." (*Id.*, PageID # 228-29 (citing 11 U.S.C. § 348))

**A.      Judicial Estoppel**

"Judicial estoppel 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'" *Sovik v. Ducks Unlimited, Inc.*, No. 3:11-cv-0018, 2011 U.S. Dist. LEXIS 40951, at *5-*6 (M.D. Tenn. Apr. 13, 2011) (quoting *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 476 (6th Cir. 2010)). "This preserves the integrity of the court system 'by preventing a party from abusing the judicial process through cynical gamesmanship.'" *Id.* at *6 (quoting *White*, 617 F.3d at 476). "Courts must apply judicial estoppel with caution, however, 'to avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement.'" *Id.* (quoting *Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004)). "In the bankruptcy context, [the Sixth Circuit] has previous[ly] noted that 'judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition.'" *White*, 617 F.3d at 476 (quoting *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002)).

      **1.      Cooper's Bankruptcy**

Gucci maintains that the present claims were known to Cooper three months prior to her original bankruptcy filing, as Cooper's complaint claims that her cause of action arose in July 2016. (D.N. 9, PageID # 56-57 (citing D.N. 1-1 at ¶¶ 12-14)) Thus, Gucci argues that Cooper should be judicially estopped from bringing her present claims because through this lawsuit, "Cooper is pursuing a course of action which she failed to disclose in her Bankruptcy, creating an

5

inconsistency sufficient to support the application of judicial estoppel." (*Id.*, PageID # 62 (internal quotations and citation omitted))

The Bankruptcy Code requires debtors to "disclose all assets, including a potential cause of action." *Vaughn v. Metro Gov't of Nashville & Davidson Cty.*, No. 3:12-CV-01320, 2014 U.S. Dist. LEXIS 8556, at *11 (M.D. Tenn. Jan. 22, 2014) (citing 11 U.S.C. § 521(a); *Eubanks*, 395 F.3d at 897; *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 424 (6th Cir. 2005)). "The disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge." *Id.* "Thus, if a debtor fails to disclose during [her] bankruptcy proceedings that [s]he has a potential civil claim against a third party, [s]he may be estopped from later filing that claim." *Sovik*, 2011 U.S. Dist. LEXIS 40951, at *7 (quoting *White*, 617 F.3d at 484; *Lewis*, 141 F. App'x at 428-29). "The duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action." *Vaughn*, 2014 U.S. Dist. LEXIS 8556, at *11 (citing *Lewis*, 141 F. App'x at 424; *Harrah v. DSW, Inc.*, 852 F. Supp. 2d 900, 903 (N.D. Ohio 2012)).

"To support a finding of judicial estoppel in the bankruptcy context, the court must find that: (1) [Cooper] assumed a position in this case that was contrary to the one that she asserted under oath in the bankruptcy proceedings; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) [Cooper's] omission did not result from mistake or inadvertence." *Id.* at *12 (citing *White*, 617 F.3d at 478). "In determining whether [Cooper's] conduct resulted from mistake or inadvertence, the court must consider whether: (1) she lacked knowledge of the factual basis of the undisclosed claims; (2) she had motive for concealment; and (3) the evidence indicates absence of bad faith." *Id.* at *12-*13. "In determining whether there was an 'absence of bad faith,' the court must look, in particular, at

[Cooper's] attempts to advise the bankruptcy court of her omitted claim." *Id.* at *13 (citing *White*, 617 F.3d at 478).

### a.     Assuming a Contrary Position

"In the Sixth Circuit, pursuing a cause of action that was not disclosed as an asset in a previous bankruptcy filing, even where the [lawsuit] was brought post-confirmation, creates an inconsistency sufficient to support judicial estoppel." *Id.* (citing *Lewis*, 141 F. App'x at 425 (applying judicial estoppel where plaintiff filed an EEOC charge one month after the bankruptcy plan was confirmed but failed to report the cause of action to the bankruptcy court)). "'Applying judicial estoppel' under the test articulated in *White* 'recognizes the importance of the bankruptcy debtor's affirmative and ongoing duty to disclose assets, including unliquidated litigation interests.'" *Id.* (quoting *Kimberlin v. Dollar General Corp.*, 520 F. App'x 312, 315 (6th Cir. 2013)). Moreover, as explained above, a plaintiff is also required to disclose any *potential* civil claims against a third party. *Sovik*, 2011 U.S. Dist. LEXIS 40951, at *7 (citing *White*, 617 F.3d at 484; *Lewis*, 141 F. App'x at 428-29).

Here, it is undisputed that Cooper failed to list her claims against Gucci in either her Chapter 13 or her Chapter 7 bankruptcy petition. (*See* D.N. 9-1; D.N. 9-6; D.N. 13) During each phase of Cooper's bankruptcy, she "under oath and penalty of perjury, failed to identify this lawsuit as an asset." *Assasepa v. JPMorgan Chase Bank*, No. 1:11-cv-156, 2012 U.S. Dist. LEXIS 3491, at *39 (S.D. Ohio Jan. 11, 2012). While Cooper argues that she was not required to list her potential claims against Gucci when filing for Chapter 13 bankruptcy in 2016 because "she did not and could not have anticipated" filing a lawsuit three years later, "[i]n a Chapter 13 bankruptcy, the bankruptcy estate includes property that 'the debtor acquires after the commencement of the case but before the case is closed.'" *Vaughn*, 2014 U.S. Dist. LEXIS 8556, at *11 (citing 11 U.S.C.

7

§ 1306(a)(1)). Thus, Cooper's "obligation to disclose potential causes of action continue[d] after [her] Chapter 13 plan [was] confirmed." *Id.* (citing *Harrah*, 852 F. Supp. 903; *In re Seafort*, 669 F.3d 662, 667 (6th Cir. 2012)). Accordingly, Cooper's failure to notify the bankruptcy court about her present claims before her bankruptcy was converted to a Chapter 7 or before her bankruptcy was discharged "create[d] an inconsistency sufficient to support judicial estoppel." *Vaughn*, 2014 U.S. Dist. LEXIS 8556, at *13 (citation omitted).

### b. Bankruptcy Court Adopted Cooper's Position

Cooper does not dispute that the Bankruptcy Court adopted her position that she had no legal claims as part of a final disposition, "namely the Chapter 13 plan." *Id.* at *15. "[H]ad Cooper disclosed the [lawsuit] at any point (even post-confirmation), the court could have taken account of this contingent asset, by providing full payment to her creditors in the event of any future recovery." *Id.* (citing *Kimberlin*, 520 F. App'x at 315). "In reliance on [Cooper's] sworn representation, the Bankruptcy Court approved her Chapter 13 plan in [October 2016] and did not provide therein for the possibility of recovery in this lawsuit." *Id.* (citing *White*, 617 F.3d at 479 ("When a bankruptcy court—which must protect the interests of all creditors—approves a payment from the bankruptcy estate on the basis of a party's assertion of a given position that, in our view, is sufficient judicial acceptance to estop the party from later advancing an inconsistent position." (internal quotation marks and brackets omitted)).

Moreover, there is no evidence here that Cooper attempted to inform the bankruptcy court of her potential claims against Gucci prior to moving to reduce her monthly creditor payments, or prior to her petition to convert from a Chapter 13 to a Chapter 7 bankruptcy. Thus, the Bankruptcy Court also relied on Cooper's "statements under oath in granting her motion to convert her bankruptcy petition and setting her payment plan." *Assasepa*, 2012 U.S. Dist. LEXIS 3491, at

*42. In sum, the "facts support application of judicial estoppel as [Cooper] assumed a contrary position to that asserted under oath in her bankruptcy proceeding(s) and the bankruptcy court adopted" this position. *Id.* at *43.[3]

### c. Mistake or Inadvertence

"The court's final inquiry is whether [Cooper's] conduct resulted from mistake or inadvertence, which turns on whether (1) she lacked knowledge of the factual basis of the undisclosed claims; (2) she had a motive for concealment; and (3) the evidence indicates absence of bad faith." *Vaughn*, 2014 U.S. Dist. LEXIS 8556, at *15-*16.

### i. Factual Basis

"First, it is self-evident that [Cooper] knew the factual basis for her claim at least as of the date she filed her . . . Complaint on [September 13, 2019], in which she herself recounted a course of conduct from [July 2016 through April 2019]." *Id.* at *16 (D.N. 1-1, PageID # 11-12) Second, Cooper's initial grievance to human resources in July 2016 complained of specific actionable events that occurred prior to her filing for bankruptcy. (*See* D.N. 1-1, PageID # 15-19) Therefore, the Court finds it likely that Cooper knew of the factual basis for her claim as early as July 2016. Regardless, even if the Court were to assume, *arguendo*, that Cooper did not have knowledge of the factual basis of her claims at the time she filed her Chapter 13 petition, she has admitted to possessing knowledge of a potential cause of action by at least August 2019 when she sought legal advice following her termination from Gucci. (D.N. 13, PageID # 228) Moreover, Cooper clearly had knowledge of the factual basis of her undisclosed claims once this case was filed in federal

---

[3] Moreover, as explained above, Cooper's debts were discharged on February 4, 2020. (D.N. 14-1) Therefore, "[t]he Bankruptcy Court for the Western District of Kentucky [both] confirmed [Cooper's] Chapter 13 plan . . . and [later] discharged her debts in reliance on the representations made in [Cooper's] Chapter 7 petition." *Owens v. Arvato Digital Servs.*, No. 3:15-CV-00905-GNS-CHL, 2016 U.S. Dist. LEXIS 169573, at *8 (W.D. Ky. Dec. 8, 2016).

9

court in September 2019. (*See* D.N. 1) In sum, the undisputed record shows that Cooper had knowledge of the factual basis of her undisclosed claims prior to her bankruptcy being discharged.

### ii. Motive for Concealment

"Second, [Cooper] had a motive for concealment: if her claims became part of her bankruptcy estate, then any recovery would have gone toward paying [Cooper's] creditors, rather than simply to paying [Cooper]." *Vaughn*, 2014 U.S. Dist. LEXIS 8556, at *17. "Within the Sixth Circuit, this is sufficient to show motive for concealment." *Id.* (citing *White*, 617 F.3d at 479; *Kimberlin*, 520 F. App'x at 315; *Lewis*, 141 F. App'x at 426; *Thompson v. Davidson Transit Org.*, 725 F. Supp. 2d 701, 710 (M.D. Tenn. 2010)).

### iii. Absence of Bad Faith

"Despite [Cooper's] knowledge of the underlying claim and her motive to conceal, a determination that she acted 'in the absence of bad faith' will prevent judicial estoppel from barring the claim." *Owens v. Arvato Digital Servs.*, No. 3:15-CV-00905-GNS-CHL, 2016 U.S. Dist. LEXIS 169573, at *13 (W.D. Ky. Dec. 8, 2016) (citing *Scisney, v. General Elec. Co.*, No. 4:14-cv-00008, 2015 U.S. Dist. LEXIS 160549, at *6 (W.D. Ky. Dec. 1, 2015)). "In determining whether there was an absence of bad faith, it is significant if the debtor made 'constant affirmative' efforts to inform the trustee and the bankruptcy court of the claim 'through correspondence, motions, and status conference requests . . . .'" *Id.* at *14 (quoting *Lewis*, 141 F. App'x at 426 (internal quotation marks omitted)).

In *Lewis*, the plaintiff made no amendments or filings with the bankruptcy court to notify it of her employment-discrimination claim. 141 F. App'x at 426. The plaintiff did submit an affidavit in which she claimed to have spoken with someone in the trustee's office about the issue, but the Sixth Circuit found that "the minimal efforts to inform the bankruptcy trustee of the

10

plaintiff's lawsuit did not establish that her omissions were inadvertent." *Owens*, 2016 U.S. Dist. LEXIS 169573, at \*15 (citing *Lewis*, 141 F. App'x at 422, 427). Even the minimal effort found in *Lewis* does not exist here, as Cooper apparently made no attempt whatsoever to inform the bankruptcy court about her claims against Gucci at any stage of her bankruptcy proceedings. *See id.* ("Owens has made considerably less effort than the plaintiff in *Lewis* . . . [as it] is undisputed that Owens had made no effort whatsoever to notify the Bankruptcy Court of her claims against her former employer."). "In fact, presently, [Cooper] has still neither filed any amendment or motion, nor has she claimed to have spoken with the bankruptcy trustee about her claims." *Id.* In sum, Cooper "has not shown that she acted without bad faith because she established no efforts on her behalf to notify the Bankruptcy Court of her claims against [Gucci]." *Id.* at \*17.

Cooper argues that she relied on the advice of counsel when deciding not to disclose her claims against Gucci in her bankruptcy petitions (*see* D.N. 13, PageID # 228-29), but this argument is without merit. The Sixth Circuit has held that "even when relying on the advice of an attorney to exclude a cause of action from bankruptcy disclosures, a plaintiff's omission will still not be excused." *Owens*, 2016 U.S. Dist. LEXIS 169573, at \*17 (citing *White*, 617 F.3d at 483-84). "Even if the attorney made a 'conscious decision' not to present that information to the bankruptcy court, the plaintiff is still 'bound by the actions of [his or her] attorney.'" *Id.* (quoting *Lewis*, 141 F. App'x at 420)). "Accordingly, the third and final element for the application of bankruptcy estoppel, like the other two, is satisfied here." *Terry*, 2020 U.S. Dist. LEXIS 98278, at \*16-\*17 (finding that plaintiff had motive to conceal her litigation, that there was no evidence that the plaintiff made any disclosure about a potential claim to the bankruptcy court, and that she had knowledge of the factual basis of her undisclosed claim because her complaint "outline[d] in detail

the circumstances surrounding th[e] case, evidencing [the plaintiff's] knowledge of the facts giving rise to the instant lawsuit.").

### III.

The Court has found that the elements of judicial estoppel are met, and Cooper has not shown that there was a mistake or inadvertence sufficient to preclude the application of judicial estoppel in this case. "She had knowledge of the factual and legal basis of her claims, possessed an inferred motive to conceal, and has not shown that she acted without bad faith." *Owens*, 2016, U.S. Dist. LEXIS 169573, at *20. The Court concludes that Cooper's failure to disclose in her bankruptcy filings claims she had against Gucci requires dismissal of those claims here. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Gucci's Motion for Judgment on the Pleadings (D.N. 9) is **GRANTED**. Cooper's claims will be dismissed with prejudice. A separate judgment will be entered this date.